UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **SUUQA BAKARO GROCERY,** A business located in Lewiston, Maine and **MAHDI IROBE,** its owner;　　　Plaintiffs　　v.　　**UNITED STATES DEPARTMENT OF AGRICULTURE;**　　Defendant | Docket No. 16-CV- |

**Complaint**

**NOW COMES** Plaintiffs, Suuqa Bakaro Grocery and Mahdi Irobe, by and through counsel, Sarah A. Churchill, Esq., and complains against Defendant as follows:

**PARTIES**

1. Plaintiff Suuqa Bakaro Grocery is a business located at 234 Lisbon Street in the city of Lewiston, Maine.

2. Plaintiff Mahdi Irobe is the owner of Suuqa Bakaro Grocery

3. Defendant, the United States Department of Agriculture is a department within the United States Government located within the executive branch of government.

**JURISDICTION**

4. This Court has jurisdiction pursuant to 7 U.S.C. §2023(a)(13), 5 U.S.C. §702, and 28 U.S.C. §1331.

1

5. Venue is appropriate in this district because Plaintiffs are engaged in business in this district.

## STANDARD OF REVIEW

6. This action shall be a trial de novo in which this Court shall determine whether the administrative action of Defendant is valid pursuant to 7 U.S.C §2023(a)(15).

## STATEMENT OF FACTS

7. The Supplemental Nutrition Assistance Program (hereinafter "SNAP"), formerly known at the Food Stamp program, is administered by the Defendant's Food and Nutrition Service (hereinafter "FNS").

8. The Secretary of the Department of Agriculture issues regulations for SNAP.

9. FNS administers the SNAP program.

10. Benefits received under SNAP are only to be used to purchase food from approved retailers.

11. SNAP benefits may not be exchanged for cash.

12. FNS is authorized to permanently disqualify a store for the exchange of SNAP benefits for cash, otherwise known as trafficking.

13. Plaintiff Mahdi Irobe began to operate the Suuqa Bakaro Grocery in the Spring of 2015.

14. Plaintiffs applied for and were granted approval to accept SNAP benefits for payment in the Spring of 2015.

15. Plaintiffs accept SNAP benefits through the use of an electronic benefit system (hereinafter "EBT").

16. Plaintiff Suuqa Bakaro Grocery is operated out of a one level store at 234 Lisbon Street, Lewiston, Maine.

17. Plaintiffs operating location is a one store retail space that contains, among other things, refrigerators, freezers, and shelving units that contain food items for sale.

18. Plaintiffs sell meat, flour, sugar, milk, produce, rice, juice, and other basic grocery items.

19. The freezers which contain the meat sold in Plaintiffs' store are located in a separate room in the back of the retail space.

20. Many of the Plaintiffs' customers are from the Somali immigrant community.

21. Customers will visit Plaintiffs' store mostly once or twice a month as is the cultural custom.

22. Plaintiff Irobe is the owner and sole employee of Suuqa Bakaro Grocery.

23. Suuqa Bakaro Grocery has no automated cash register.

24. Plaintiff Irobe would tally the total cost of customer orders using a calculator and paper prior to using the EBT system.

25. It was not unusual for customers of Plaintiffs to come to the counter having forgotten to take meet out of the freezer for purchase necessitating a second transaction using the SNAP benefits very close in time to the first transaction.

26. Also, many customers would travel Suuqa Bakaro Grocery in groups to share transportation.

27. For groups of customers Plaintiff Irobe would tally each customer total by hand and then run a number of EBT transactions close in time to one another after the hand calculations were completed.

28. Plaintiffs purchased food inventory to be sold in Suuqa Bakaro Grocery from May of 2015 through December of 2015 at a total cost of approximately $176, 000.

29. Plaintiffs did not engage in trafficking of SNAP benefits by taking payments and providing customers cash in return.

30. Plaintiffs received a letter from Defendant dated December 17, 2015 alleging violations of SNAP.

31. Plaintiffs lodged a timely challenge to the allegations in the December 17, 2015 letter.

32. Plaintiffs challenge was denied by Defendant on January 12, 2016 and a permanent disqualification was issued.

33. Plaintiffs sought a timely administrative review of the January 12, 2016 determination.

34. A final agency determination was issued to Plaintiffs and received on April 25, 2016.

35. All of Defendant's determinations of trafficking relied on the analysis of electronic transaction records which was invalid.

36. Plaintiffs provided ample evidence to refute the conclusions drawn from the electronic transaction records during the administrative review including records regarding inventory purchases and statements from customers of Plaintiff.

37. Plaintiffs' disqualification from accepting SNAP benefits as a result of the administrative review is permanent.

## Claim for Relief

38. Plaintiffs hereby incorporate paragraphs 1-37 of this complaint.

39. Plaintiffs aver that the evidence does not substantiate a finding that they engaged in trafficking of SNAP benefits.

40. Plaintiffs aver that the Defendant's determination was arbitrary and capricious.

41. Plaintiffs aver that the evidence does not warrant permanent disqualification.

**WHEREFORE**, Plaintiffs respectfully prays that this Honorable Court grant judgment in favor of Plaintiffs and against Defendant, and award Plaintiff the following relief:

a. A determination de novo that Plaintiffs did not engage in trafficking of SNAP benefits;

b. Stay the decision of the USDA pending a further hearing on the merits; and

c. Grant such further relief as shall be necessary.

Dated at Portland, Maine this 17th day of May, 2016.

**By:  Nichols & Churchill, PA**

  /s/ Sarah A. Churchill            
Sarah A. Churchill, Esq.
Maine Bar No. 9320
Attorney for Plaintiffs

NICHOLS & CHURCHILL, PA
1250 Forest Avenue
Suite 10
Portland, ME 04103
(207)879-4000
schurchill@nicholschurchill.com